Fleming Co. v. David's Supermarket's 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-010-CV

        FLEMING COMPANIES, INC., ET AL.,
                                                                                                        Appellants
        v.

        DAVID'S SUPERMARKETS, INC.,
                                                                                                        Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 246-93
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

          David's Supermarkets, Inc., (hereafter David's) brought suit in August 1993 against
Fleming Companies, Inc., (hereafter Fleming) for breach of contract, fraud, and deceptive trade
practices, all charges stemming from alleged violations of an agreement between the two whereby
Fleming was to supply David's with merchandise to be sold to the general public at its chain of
supermarkets in Texas. The case was tried before a jury, which returned a substantial verdict in
David's favor. The trial court signed the judgment on April 12, 1996.
          On May 10, 1996, Fleming filed a motion for new trial, alleging that the trial judge had
been biased throughout the litigation because he had a business relationship with one of the
principal shareholder's in David's. After the motion was filed, the trial judge, in response to a
motion requesting same, recused himself, and the Honorable B.B. Schraub, Presiding Judge for
the Third Administrative Judicial Region, assigned the Honorable C.W. Duncan, Senior District
Judge for the 27th District Court, to pass on the motion for new trial. On June 24, Judge Duncan
granted the motion and vacated the judgment.
          Before a second trial began, Fleming on October 15, 1996, filed a motion to compel
arbitration, contending that the parties had an agreement that they would attempt to settle any
disputes by arbitration before resorting to the courts. In a response filed November 4, David's
made essentially two arguments: (1) that Fleming had waived any right to arbitrate that it may
have had by waiting over three years from the date the lawsuit was initially filed before seeking
arbitration, and (2) that the arbitration clause Fleming relied upon in its motion was contained in
an extraneous 1992 agreement between the parties, whereas the 1989 agreement on which suit was
brought contains no arbitration provision. Judge Duncan denied the motion to compel arbitration
on December 11, 1996, without specifying his reason or reasons for doing so.
          On December 31, 1996, Fleming gave notice to the trial court that it intended to seek an
interlocutory appeal of the order denying the motion to compel arbitration, and Fleming perfected
its appeal on that day by filing a $1,000 cash deposit in lieu of bond.
          On January 23, 1997, David's filed in this court a motion to dismiss Fleming's
interlocutory appeal for want of jurisdiction. In the motion, David's reasserted its position that
the only contract at issue between the parties was their 1989 agreement, which lacked an
arbitration provision, and therefore any arbitration clause contained in their 1992 agreement was
irrelevant. Assuming arguendo that the 1992 arbitration clause was applicable, however, David's
then contended that it was governed by the Federal Arbitration Act, 9 U.S.C.A. §§ 1-14 (West
1970 & Supp. 1996), under which the denial of a motion to compel arbitration may not be
appealed interlocutorily.
          On January 29, 1997, Fleming filed both a response to the motion to dismiss and a petition
for a writ of mandamus against Judge Duncan, entreating this court to order him to send the case
to arbitration. In its response to the motion to dismiss, Fleming did not affirmatively contest the
grounds upon which David's sought to have the interlocutory appeal dismissed. Instead, it
explained that the arbitration clause contained in the 1992 agreement may be governed both by the
Federal Arbitration Act and the Texas General Arbitration Act, Tex. Civ. Prac. & Rem. Code
Ann. §§ 171.001-.023 (Vernon Pamph. 1997), pointing out that one must proceed by mandamus
to seek review of the denial of a motion to arbitrate under federal law, but may seek an
interlocutory appeal if the agreement is governed by Texas law. Thus, its dual proceedings were
an attempt to make certain that its complaint was heard by this court in either case. See Jack B.
Anglin. Co., Inc. v. Tipps, 842 S.W.2d 266, 271-72 (Tex. 1992) (orig. proceeding).
          The arbitration clause in the 1992 agreement reads, in full:
Disputes; Arbitration. The parties agree that all disputes between them relating to this
Agreement are to be resolved by arbitration as provided in this Agreement. This
agreement to arbitrate will survive the rescission or termination of the Agreement. All
arbitration will be conducted pursuant to the Commercial Arbitration Rules of the
American Arbitration Association except as may be provided for in this Agreement. The
panel used will be selected from, if available, the "Food Industry Panel" employed by the
American Arbitration Association and the decision of the arbitrators will be final and
binding on all parties. All arbitration will be undertaken pursuant to the Federal
Arbitration Act, where applicable, and the decision of the arbitrators will be enforceable
in any court of competent jurisdiction.

(Emphasis by italics added.)
          It is clear by the wording of the arbitration clause that the 1992 agreement is subject to the
Federal Arbitration Act. Even assuming that the 1992 agreement applies to the controversy
between the parties, any agreement between them to arbitrate their dispute is governed by the
federal legislation. See Metropolitan Property and Liab. Ins. Co. v. Bridewell, 933 S.W.2d 358,
361 (Tex. App.—Waco 1996, orig. proceeding).


 In Texas, a party may not seek appellate review
of the denial of a motion to compel arbitration under the Federal Arbitration Act by interlocutory
appeal. Jack B. Anglin, 842 S.W.2d at 272; see Metropolitan Property, 933 S.W.2d 358, 361. 
The only remedy is a petition for a writ of mandamus. Id.
          Unless permitted by statute, Texas courts have no jurisdiction to consider an interlocutory
appeal. Jack B. Anglin, 842 S.W.2d at 272; see Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(Vernon Supp. 1997). As there is no statutory authorization for Fleming's interlocutory appeal,
we have no jurisdiction over the cause. See Jack B. Anglin, 842 S.W.2d at 272; D. Wilson
Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 228 (Tex. App.—Corpus Christi
1992, writ dism'd w.o.j.).
          Therefore, David's motion to dismiss for want of jurisdiction is granted, and the appeal
is dismissed.

                                                                                 PER CURIAM

Before Justice Cummings,
          Justice Vance, and
          Chief Justice McDonald (Retired)
Dismissed for want of jurisdiction
Opinion delivered and filed February 26, 1997
Do not publish